*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | 3:13-cr-00684 (FLW) |
| v. : | |
| : | **OPINION** |
| MYKAL HALL : | |
| : | |
| Defendant. : | |

**WOLFSON, United States District Judge**:

Presently before the Court is the Motion of Mykal Hall ("Defendant"), to dismiss Count II of the Superseding Indictment for violation of the Speedy Trial Act, specifically 18 U.S.C. § 3161(b). It is undisputed that a violation of the Act has occurred, and this Court has already ruled that Count II shall be dismissed. After considering all of the factors enumerated in 18 U.S.C. § 3162(a)(1) along with the prejudice to the defendant potentially caused by the delay, I find that Count II shall be dismissed without prejudice.

**I. BACKGROUND**

Defendant was arrested on July 8, 2013, on a criminal complaint charging him with one count of assaulting a person having custody of United States property, with intent to rob, in violation of 18 U.S.C. § 2114. Defendant has been detained continuously since the time of arrest. On July 23, 2013, 15 days before the 30-day clock for the Speedy Trial Act had run, R. Joseph

1

Gribko, the Assistant United States Attorney assigned to the case, and then Defense Counsel Joshua Markowitz orally agreed to exclude time under the Speedy Trial Act until October 10, 2013. Mr. Gribko prepared a written "Continuance Order," which, due to inadvertence on the part of the United States Attorney's Office, was never filed with the Court. Sometime in mid-October, after the time allowed for in the "Continuance Order" had run, but still over a week before the expiration of the 30-day Speedy Trial Act clock, Mr. Gribko again reached out to Defense Counsel to secure another continuance for the purposes of plea negotiation. This time however, Defense Counsel indicated that Defendant would not agree to any further continuances. The Government, acting under the impression that the original "Continuance Order" had effectively tolled the Speedy Trial clock from July 23 to October 10, brought Defendant's case before a Grand Jury on October 17, 2013, approximately eight days before what would have been the expiration of the 30-day period.

The Grand Jury returned a two-count Indictment on October 17, 2013, charging defendant in Count I with assault with intent to rob property of the United States in violation of 18 U.S.C. §§ 2114 and 2 (the only offense originally charged in the Complaint), and in Count II with use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(a)(ii) and 2. Because no continuance order was ever entered in this case, Count I of the Indictment was filed 101 days after Defendant's July 8 arrest. Accordingly, the time allowed for by the Speedy Trial Act was exceeded by 71 days. The Grand Jury returned a Superseding, three-count Indictment in this case on December 12, 2013, charging Defendant in Count I with engaging in the business of dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 2, in Count II with assault with intent to rob property of the United States in violation of 18 U.S.C. §§ 2114 and 2 (formerly Count I of the Indictment), and in Count III with

use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(a)(ii) and 2 (formerly Count II of the Indictment). Defendant moved to dismiss all counts in the Superseding Indictment based upon a violation of the Speedy Trial Act.

## II. PROCEDURAL HISTORY

At a hearing held before the Court on March 25, 2014, the Court heard argument from the parties and, for the reasons stated on the record, denied Defendant's Motion to Dismiss Counts I and III of the Superseding Indictment.[1] The Court also ruled that Count II of the Superseding Indictment would be dismissed, but reserved decision on whether dismissal would be with prejudice. Defendant and the Government filed supplemental briefing on the issue of prejudice on April 8, 2014.

## III. STANDARD OF REVIEW

In relevant part, the Speedy Trial Act, 18 U.S.C. § 3161(b) provides:

**(b)** Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

"In deciding whether to dismiss an indictment with or without prejudice, a court considers (1) the seriousness of the charge, (2) the facts and circumstances leading to dismissal,

---

[1] The Speedy Trial Act requires the dismissal of only those charges in the indictment that were also made in the complaint that triggered the Act's thirty-day time period (limiting the time allowable between arrest and indictment). See United States v. Oliver, 238 F.3d 471, 473 (3d Cir. 2001). Charges made in the indictment are different than those in the complaint if they are brought under the same statute, but for different conduct (See United States v. Cox, 12-3907, 2014 WL 306973, *5 (3d Cir. Jan. 29, 2014)) or under different statutes, but for the same conduct (See United States v. Watkins, 339 F.3d 167, 173 (2003)). Because Counts I and III of the Superseding Indictment were not contained in the Complaint, alleged violation of a different statute in the case of Count I, and alleged different conduct in Count III, their inclusion in the indictment did not violate the Act. *See* discussion on 3/25/2014 record.

(3) the effect of reprosecution on [the] administration of the Speedy Trial Act and [of] justice, and (4) prejudice to the defendant." Cox, 2014 WL 306973 at *5. The first three factors are laid out in 18 U.S.C. § 3162(a)(1). The fourth and final factor was imposed upon the district courts by the Supreme Court's decision in United States v. Taylor, 487 U.S. 326, 334 (1988).

## IV. DISCUSSION

### A. Seriousness of the Offense

Considering the first of the § 3162(a)(1) factors, assault with intent to rob is a serious offense. It carries a statutory maximum sentence of up to twenty-five years in prison. 18 U.S.C. § 2114(a). Additionally, in this case the Defendant is charged with the gun-point robbery of a confidential informant working for the FBI. Lastly, I note that Defendant concedes that all of the charges against Defendant are serious offenses. [Defendant's Brief at 5].

### B. Facts and Circumstances Leading to the Violation

Moving on to the second of the § 3162(a)(1) factors, the facts and circumstances leading to the violation of the Speedy Trial Act in this case are not in dispute. On July 23, 2013, Assistant United States Attorney R. Joseph Gribko and then defense counsel Joshua Markowitz orally agreed to exclude time under the Speedy Trial Act until October 10, 2013, in order to engage in the plea bargaining process. The Government prepared a written "Continuance Order," which was forwarded to the offices of defense counsel Markowitz. While it is unclear from the record what subsequently happened to the written "Continuance Order," former defense counsel Markowitz represented to the Court that he agreed to the "Continuance Order," and AUSA Gribko represented that the "Order" was likely misplaced due to inadvertence on the part of the Government. In any event, no continuance was ever entered by the Court.

4

The Speedy Trial Act explicitly allows for continuances "at the request of the defendant or his counsel." 18 U.S.C. § 3161(h)(7)(A). In a recent unreported decision, the Third Circuit went so far as to suggest that the defendant "cannot validly complain his statutory speedy trial rights were violated when his counsel requested and consented to the continuance order." United States v. Mayfield, 361 Fed. Appx. 425, 428 (3d Cir. 2010). The Court in Mayfield relied upon its earlier decision in United States v. Fields, 39 F.3d 439, 443 (3d Cir. 1994), in which the circuit court found the defendant's Speedy Trial Act arguments "disturbing because he would have [the court] order the dismissal of his indictment based on continuances that his own attorney sought . . ." The Court opined that "[r]ejection of the defendant's arguments might be justified on this ground alone." The clear difference between the facts in the present case and those in Mayfield and Fields, however, is that the continuance to which Mr. Hall's former counsel consented was never actually entered by the Court. Still, I find the logic of the Third Circuit opinions instructive, and conclude that the consent of Defendant's former counsel to the continuance weighs against dismissal with prejudice, although not nearly as strongly as if the continuance had actually been entered.

**C. Impact of Reprosecution on the Administration of the Act and of Justice**

Considering the third of the § 3162(a)(1) factors, I find that reprosecution in this case will not have an adverse impact on the administration of the Speedy Trial Act or of justice. Defendant rightly observes that dismissal of charges under the Speedy Trial Act is meant to send a message to law enforcement with the goal of "induc[ing] salutary changes in [their] procedures [and] reducing pretrial delays," and that "dismissal with prejudice always sends a stronger message than dismissal without prejudice." Taylor, 487 U.S. at 342. The Government argues, however, that no messaging function would be served in this case, because the Government's failure to

either enter an indictment or continuance in the 30-day period provided by the Act was the result of an uncharacteristic oversight. The Government argues that this distinguishes Mr. Hall's case from that of <u>United States v. Watkins</u>, in which the Third Circuit upheld the dismissal of some charges with prejudice after observing that the Government engaged in "gamesmanship" and a procedural "run-around." 339 F.3d at 171.

    I agree with the Government that given the obviously inadvertent nature of the Government's failure to file the continuance to which defense counsel had already agreed, and the absence of any information indicating a pattern of negligence in the handling of continuances, neither the administration of justice nor of the messaging function of the Speedy Trial Act would be served by a dismissal with prejudice in this case. In other words, reprosecution after an isolated incident of government inadvertance will have little impact upon the administration of the Act and of justice. This factor too weighs against dismissal with prejudice. See <u>Gv't of the Virgin Islands v. Francis,</u> 98 F.R.D. 626, 632 (3d Cir. 1983) (noting that where nothing was presented to the Court to indicate that the Government's failure to timely file the information or indictment was more than mere negligence there would be little or no adverse impact on the administration of the Act or on the administration of justice should the defendant be reprosecuted).

### D. Prejudice to the Defendant

    The final factor in considering Defendant's Speedy Trial claim is also the most difficult to weigh. Defendant devoted the majority of his arguments in briefing, and this Court devoted a large part of its consideration, to the factor of prejudice. A violation of the Speedy Trial Act may give rise to prejudice to the defendant in either or both of two ways. The violation may 1)

prejudice the preparation of defense and/or 2) prejudice the Defendant by restricting his liberty. United States v. Taylor, 487 U.S. 326, 340 (1988).

Defendant does not argue any prejudice to the preparation of the defense, nor does the Court now find any. He focuses exclusively on his deprivation of liberty during the 71-day period after the expiration of the Act's 30-day period in which to charge and before the issuance of the October 17 indictment. It is true that "[t]he length of delay, a measure of the seriousness of the speedy trial violation, in some ways is closely related to the issue of prejudice to the defendant. The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." United States v. Taylor, 487 U.S. 326, 340 (1988). The Government initially only briefly responded to Defendant's allegations, arguing that Defendant suffered no prejudice because he "has been incarcerated since the date of his arrest and will continue to be incarcerated even if the charge is dismissed, as Counts One and Three of the Superseding Indictment should not be dismissed." [Government's Brief, I(4)]. I found on the record that this argument was inapplicable to the question of prejudice, because it addressed only the period of deprivation of the Defendant's liberty following the issuance of an additional charge in the first Indictment, not the 71 days spent post-arrest and pre-indictment that are the subject of Defendant's Motion.

There is no hard and fast rule in the Third Circuit or this District concerning how many days of post-arrest and pre-indictment delay give rise to a presumption of prejudice weighing in favor of Defendant on a motion to dismiss for violation of the Speedy Trial Act. Violations of only a few days are routinely found not to give rise to any prejudice. See United States v. Cox, 12-3907, 2014 WL 306973 (3d Cir. Jan. 29, 2014) (two to four day delay did not give rise to prejudice); Gov't of the Virgin Islands v. Francis, 98 F.R.D. 626, 631 (3d Cir. 1983) (Where "the

7

offenses involved, as admitted by the defense, are serious[,] [t]he delay of three days . . . is not correspondingly serious to require a dismissal with prejudice."). Violations of several weeks or months have been found, in some circumstances, to give rise to prejudice. See United States v. Watkins, CR.A. 02-120-1, 2002 WL 32351114 (E.D. Pa. Mar. 12, 2002) rev'd in part aff'd in part 339 F.3d 167 (3d Cir. 2003) (40-day delay, along with accompanying circumstances, prejudiced defendant); United States v. Martinez, 75 F. Supp. 2d 360, 367 (1999) ("the Government's violation of the Speedy Trial Act totaled 270 days, more than eight months. That delay mandates a dismissal with prejudice."). Because of the difficulty in discerning the potential prejudice arising from the length of delay alone, I reserved decision and requested supplemental briefing from the parties.

 Defendant bolsters his argument with many of the same contentions he presented initially, but supports them with additional precedent. The authorities identified by Defendant explain that "'[t]ime spent in jail awaiting trial has a detrimental impact on the individual' which could include loss of employment, disruption of family life, and idle time with little recreation or rehabilitation" [Defendant's Supplemental Letter Brief, 2] (citing Barker v. Wingo, 407 U.S. 514, 530-33 (1972)); that "[o]ppressive pretrial detention may be based on the conditions of incarceration" id. (citing Hakeem v. Beyer, 990 F.2d 750, 761 (3d Cir. 1993)); and that pretrial delays exceeding a year routinely give rise to the presumption of prejudice, with the presumption growing stronger the more outrageous the length of the delay, see, e.g., id. (citing United States v. Battis, 589 F.3d 673, 682 (3d Cir. 2009)). What Defendant's supplemental briefing does not provide is any assertion that Mr. Hall actually experienced a loss of employment, disruption of family life, or oppressive conditions of detention. Moreover, Defendant certainly cannot allege that the violation of the Act in this case breached the presumptive threshold of one year. The

delay in this case was a week past two months, not at all comparable to the forty-five month, presumptively prejudicial delay in Battis.

The Government's supplemental submission reflects little more success than the Court's own inquiry into identifying the temporal boundary line between pre-indictment delays which give rise to prejudice and those that do not. The Government has, however, identified a single district court case from this Circuit in which the judge dismissed a count from the indictment without prejudice following a delay of 75 days, after determining that the accompanying circumstances evidenced neither willful conduct nor bad faith on the part of the Government. United States v. Archer, 984 F. Supp. 321 (D. Pa. 1997). The analysis in Archer, especially as it concerns the defendant's liberty interest in not being held without indictment, is rather perfunctory, but the facts and circumstances are very closely analogous to those now before the Court.

After considering the substantial body of available precedent, along with the arguments of the parties, I am persuaded that the 71-day delay post-arrest and pre-indictment in this case did not prejudice the defendant. While Defendant identified many "plus factors" that could tip the scales in favor of a finding of prejudice, including impact upon family, career, or physical integrity while incarcerated, no facts were alleged to show that Defendant actually experienced any of these issues in this case. The Government has shown that in at least one other similar case, dismissal without prejudice was found to be the appropriate remedy. It is, however, a decision of the Third Circuit cited by Defendant which most strongly influences my finding. In Hakeem v. Beyer, the Circuit Court found that even thirteen or fourteen and one-half months of pretrial incarceration did not rise to the level of "per se oppressive pretrial delay." 990 F.2d at 762. Having fallen short of the threshold for per se prejudice, the defendant in Hakeem could not

9

prove prejudice without a showing of "loss of employment, disruption of family life, or excessive mental anguish resulting from his pre-trial imprisonment." Id. The Circuit Court concluded that the defendant "cannot prevail merely by claiming that fourteen and one-half months of anxiety over the outcome of the trial has prejudiced him to the extent necessary to prevail on a Sixth Amendment claim. Vague allegations of anxiety are insufficient to state a cognizable claim." Id. While the loss of freedom for 71 days of Mr. Hall's life presents a not inconsiderable infringement of the liberty interest protected by the Speedy Trial Act and the Constitution, in the absence of any circumstances showing actual instances of harms, it is not enough to give rise to per se prejudice from the length of the delay alone.

**CONCLUSION**

In sum, after considering the facts presented and the arguments of the parties surrounding the dismissal of Count II of the Superseding Indictment, I find that the first three § 3162(a)(1) factors weigh strongly against dismissal with prejudice. The fourth and final factor also weighs against dismissal with prejudice, albeit less strongly. Accordingly, I dismiss Count II of the Superseding Indictment without prejudice. In reaching my conclusion I am guided by the Supreme Court's holding in Taylor that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effects of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely." 487 U.S. at 342. I am also persuaded by the key fact in this case that I now reiterate: Defense counsel agreed to exclude the period of post-arrest, pre-indictment time which gave rise to the violation of the

Speedy Trial Act. Only a one-time failure to file by the Government prevented the continuance from being entered.

      Order to follow.

Dated:   4/30/2014                                                  /s/ Freda L. Wolfson
                                                                     The Honorable Freda L. Wolfson
                                                                      United States District Judge